## Annie Ball, Appellant, v. Iroquois Memorial Emergency Hospital et al., Appellees.

### Gen. No. 22,790.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed May 21, 1917.

### Statement of the Case.

Action by Annie Ball, plaintiff, against the Iroquois Memorial Emergency Hospital, Richard T. Crane, L. P. Friestedt Company, Lanquist & Illsley Company, John E. O. Pridmore, City of Chicago and Murdock Campbell, defendants, to recover damages for injuries to plaintiff's party wall. From a judgment for defendants, plaintiff appeals.

Plaintiff was the owner of premises known as No. 25 North Market street, Chicago, improved by a four-story brick building. A party wall agreement existed as to this building and a similar building immediately south on premises known as No. 23 North Market street, leased for 99 years by one of the defendants and released from August 1, 1908, to the City of Chicago for a term of years. Between May 1 and September 1, 1910, the latter building was torn down and a new building erected on that lot. Immediately south of that lot was an alley and south of the alley property known as the Hearst property, on which in the summer of 1910 a large number of caissons were sunk for the erection of a building thereon. The lots Nos. 23 and 25 North Market street were each twenty by seventy feet in dimensions. The new building on the former lot was erected on the old foundation.

F. L. SALISBURY and M. MARSO, for appellant.

PAIN, CAMPBELL & KASPER, CHARLES E. PAIN and SAMUEL A. ETTELSON, for appellees; RALPH G. CRANDALL, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. ADJOINING LANDOWNERS, § 6*—*when evidence is sufficient to show injury by person other than lessee of party wall.* Evidence *held* sufficient to sustain the finding that the damage to plaintiff's building, if any, consisting of the falling of a party wall and other damage, was the result of work done on another than defendants' property and was not caused by any conduct of commission or omission of the defendants, lessees of a party wall.

2. DAMAGES—*when evidence as to loss of profits is properly excluded.* Evidence *held* to furnish no basis of fact for the introduction of evidence of the loss of profits to plaintiff's business as an element of damages claimed, in an action to recover for being deprived of the use of a certain building in which plaintiff conducted such business, where plaintiff kept no record, books or papers other than certain mail orders, which were destroyed from year to year, and a bank pass book, which could not be found, and such evidence as to loss of profits was properly excluded.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.